**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| EMPLOYERS & LABORERS LOCAL 100 & 397 PENSION, HEALTH & WELFARE AND ANNUITY FUNDS, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 19-CV-640-SMY<br>) |
| A & A HAULING, INC. and STEVEN R. PETROFF, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are Defendant A & A Hauling, Inc.'s Motion to Stay and Compel Arbitration (Doc. 9) and Plaintiffs Employers & Laborers Local 100 & 397 Pension, Health & Welfare and Annuity Funds' Motion to Dismiss Defendants' Motion to Compel Arbitration (Doc. 11). For the following reasons, Defendant's Motion is **DENIED** and Plaintiffs' Motion is **TERMINATED.**

In this ERISA action, Plaintiffs seek fringe benefit contributions in excess of $61,541.23 due under certain Agreements, including a Memorandum of Understanding effective from August 1, 2016 to July 31, 2019 (Doc. 1-5) and a Collective Bargaining Agreement (Doc. 1-7). Defendant contends the Agreements contain arbitration clauses applicable to the dispute in this case. Defendant is incorrect.

Pursuant to the Federal Arbitration Act, "arbitration should be compelled if three elements are present: (1) an enforceable written agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal to arbitrate." *Scheurer v. Fromm Family Foods LLC*, 863

F.3d 748, 752 (7th Cir. 2017); 9 U.S.C. § 1, *et seq*. Thus, a party cannot be compelled to arbitrate if he has not so agreed. *Id*. Here, the arbitration clauses in question unambiguously apply only to disputes about employee work assignments and working conditions (Doc. 1-5, p. 39; Doc. 7, pp. 5-6). Defendant, who has the burden of proof, fails to identify any provision in the Agreements that mandates arbitration for the alleged ERISA violations set forth in the Complaint. *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1063 (7th Cir. 2018).

Accordingly, Defendant's Motion is **DENIED** (Doc. 9) and Plaintiffs' Motion, which is merely a response to Defendant's Motion, is **TERMINATED** (Doc. 11).

**IT IS SO ORDERED.**

**DATED: March 16, 2020**

**STACI M. YANDLE**
**United States District Judge**